OPINION
{¶ 1} Defendant-appellant, Ranjit Choudhary, appeals his conviction in Butler County Area III Court for telecommunications harassment. We affirm appellant's conviction.
 {¶ 2} After a bench trial in February 2004, the area court convicted appellant of telecommunications harassment in violation of R.C. 2917.21(B), a first-degree misdemeanor. Appellant's conviction was based on telephone calls he made to his wife, Suman Jha, between March 2003 and September 2003. At the time of the offense, appellant and Ms. Jha were involved in divorce proceedings in Hamilton County. The area court sentenced appellant to pay court costs.
 {¶ 3} Appellant assigns three errors on appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred in finding defendant-appellant guilty of telecommunication harassment and in denying his motion for a new trial."
 {¶ 6} In this assignment of error, appellant argues that the area court's verdict was not supported by sufficient evidence in the record. Appellant also argues that the court's verdict was against the manifest weight of the evidence.
 {¶ 7} We first address appellant's sufficiency of the evidence argument. When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Appellant was convicted of telecommunications harassment in violation of R.C. 2917.21(B). That section provides as follows: "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."
 {¶ 9} Ms. Jha testified at trial that, after she filed for divorce, appellant called her "all the time." According to Ms. Jha, appellant called and left messages on her answering machine during the day while their son was at daycare and she was at work. She testified that she would come home from work and find seven or eight messages from appellant. She also testified that appellant would call her at work after office hours so that there would be several messages for her when she arrived the next day. Ms. Jha further testified that appellant had called her after midnight, and that she unhooked her phone so that she could sleep.
 {¶ 10} Ms. Jha testified that, in March 2003, she and appellant reached an agreement through their divorce attorneys that appellant would only call between 7:00 p.m. and 8:00 p.m. In his testimony, appellant acknowledged that this agreement existed. According to Ms. Jha, after March 2003, appellant called her 20 times between 6:00 p.m. and 7:00 p.m., 24 times between 8:00 p.m. and 9:00 p.m., and 41 times after 9:00 p.m. Appellant testified that he knew his calls outside the agreed upon time frame were unwelcome, but that he still thought it was necessary to leave messages.
 {¶ 11} The state presented as evidence an audiotape containing some of the messages appellant left on Ms. Jha's answering machine. Ms. Jha testified that the tape contained approximately five to ten percent of the total messages left by appellant. In most of the messages, appellant was attempting to contact his son, and urging Ms. Jha to contact him. In one message, appellant urged Ms. Jha to pick up the phone, and not to "play games." Another message left by appellant was a recording of a beer commercial that consisted of a comedy routine of beerrelated humor.
 {¶ 12} We find sufficient evidence in the record that, if believed, would convince a rational trier of fact that appellant was guilty of telecommunications harassment. Given Ms. Jha's testimony and the audiotape, the trial court could infer that appellant made phone calls with the purpose to harass Ms. Jha. Appellant did present explanations for his frequent phone calls, principally that he was trying to contact his son. However, his testimony does not affect our conclusion as to the adequacy of the state's evidence to support the conviction. Appellant's testimony is relevant to the weight of the evidence, which we will now address.
 {¶ 13} When reviewing a manifest weight of the evidence claim, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeThompkins, 78 Ohio St.3d at 387, 1997-Ohio-52.
 {¶ 14} The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference, since the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. State v. Miles, Butler App. No. CA2001-04-079, 2002-Ohio-1334.
 {¶ 15} As previously stated, Ms. Jha testified as to the large volume of messages left by appellant on her answering machine, and that a great number of them were left outside the agreed upon time frame. Appellant testified that he was aware of the 7:00 to 8:00 agreement, and knew that his calls outside that time frame were unwelcome. The audiotape showed examples of appellant's phone messages, most inquiring about his son. One of the messages was the beer commercial.
 {¶ 16} Appellant did present explanations for the frequency of his phone calls to Ms. Jha. He testified that he was simply trying to contact his son, and that Ms. Jha was not returning his calls. As to the beer commercial, appellant explained that he was an employee of the Miller Brewing Company, and that the commercial plays when a call is placed on hold. Appellant testified that he called Ms. Jha from work and must have accidentally placed her on hold instead of hanging up the phone.
 {¶ 17} After reviewing the evidence in the record, we do not find that appellant's conviction was against the manifest weight of the evidence. Taking into account Ms. Jha's testimony, the audiotape, and appellant's explanations, we do not find that the trial court clearly lost its way in convicting appellant. The trial court was in the best position to judge the weight of the evidence and the credibility of the witnesses, and found that appellant called Ms. Jha with the purpose to harass her. We find no manifest miscarriage of justice in that decision.
 {¶ 18} Appellant's conviction was based on sufficient evidence and was not against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The trial court erred in excluding relevant, probative evidence in violation of appellant's right to due process and a fair trial pursuant to the fifth andfourteenth amendments to the united states constitution and article i, section 16 of the ohio constitution."
 {¶ 21} In this assignment of error, appellant argues that the trial court erred in excluding the decision of a Hamilton County Domestic Relations Court magistrate. That decision apparently found Ms. Jha in contempt for refusing to provide her son's passport so that he could travel abroad with appellant.
 {¶ 22} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion and a showing that the accused has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. State v.Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Barnes, 94 Ohio St.3d 21, 23,2002-Ohio-68.
 {¶ 23} Relevant evidence is generally admissible. Evid.R. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
 {¶ 24} We do not find an abuse of discretion by the trial court in refusing to admit the magistrate's decision into evidence. The magistrate's decision was filed in January 2004, significantly outside the time frame of the criminal conduct, which took place between March 2003 and September 2003. There was no demonstrated connection between the magistrate's decision and appellant's conduct. It is apparent that the trial court wanted to focus the parties' testimony on the specific conduct that took place between March 2003 and September 2003. We do not find that the trial court's ruling amounted to an abuse of discretion, or that the court violated the rules of evidence or appellant's due process rights. Accordingly, appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "The trial court erred in admitting irrelevant other acts evidence in violation of appellant's right to due process and a fair trial pursuant to the fifth and fourteenth amendments to the united states constitution and article I, Section 16 of the ohio constitution."
 {¶ 27} In this assignment of error, appellant argues that the trial court erred in admitting evidence of appellant's calls to Ms. Jha's boyfriend. Appellant argues that those calls were irrelevant to whether he harassed Ms. Jha, and also that the admission of the calls violated Evid.R. 404(B).
 {¶ 28} Evid.R. 404(B) provides as follows:
 {¶ 29} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 30} We do not find an abuse of discretion by the trial court in admitting evidence of appellant's calls to Ms. Jha's boyfriend, John Hill. The messages were relevant and admissible under Evid.R. 404(B) as evidence of appellant's plan or scheme to make harassing phone calls. The messages were similar to the messages left by appellant on Ms. Jha's answering machine. The audiotape includes many messages on Mr. Hill's answering machine, asking him to have Ms. Jha call him. On several messages, he refers to Mr. Hill as "Johnny-boy." Other messages consist entirely of Indian music. According to Ms. Jha, appellant had said in earlier messages to her that if she did not pick up the phone, he would call Mr. Hill and his parents. After reviewing the record, we find no abuse of discretion by the trial court in admitting these messages for the purpose of showing appellant's plan or scheme to make harassing phone calls.
 {¶ 31} Accordingly, we overrule appellant's third assignment of error. The trial court did not violate the rules of evidence or appellant's due process rights in admitting the evidence in question.
 {¶ 32} Judgment affirmed.
Young, P.J., and Walsh, J., concur.