OPINION
{¶ 1} Defendant-appellant, Bryan C. Free, appeals his conviction for the felony offense of driving under the influence of alcohol ("DUI") by the Clermont County Court of Common Pleas. The judgment is affirmed in part, with sentence reversed and remanded.
 {¶ 2} Appellant was charged with DUI after he was arrested following a single-vehicle accident in Goshen Township, Clermont County in 2004.[1] Appellant waived a jury and elected a trial to the bench. The trial court found appellant guilty of the charge and sentenced him to prison. Appellant appeals, setting forth three assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT DEFENDANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH EACH MATERIAL ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT[.]"
 {¶ 5} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Rucker, Butler App. No. CA2001-04-076, 2002-Ohio-172. In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 6} In 2004, appellant was charged with a violation of R.C.4511.19(A)(1), now R.C. 4511.19(A)(1)(a), which states that no person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, the person is under the influence of alcohol, a drug of abuse, or a combination of them.
 {¶ 7} Appellant argues under this assignment of error that the state failed to prove beyond a reasonable doubt that he was operating a vehicle while under the influence of alcohol or drugs.
 {¶ 8} The trial court heard testimony at trial that Clermont County law enforcement officials responded to a call to investigate a possible accident in the early morning hours of May 30, 2004. When police arrived, they found a pick-up truck situated off the road, nearly perpendicular to a ditch in which it was resting. Although the conditions that night were dry, the truck was stuck in the ditch containing water. The truck had damage to its front end and the back window of the cab was shattered.
 {¶ 9} Appellant and his girlfriend were standing outside of the truck on the road when police arrived. Appellant told police that the truck was his and that he and his girlfriend were in a bar in Blanchester that evening when his truck was stolen. Appellant stated that someone drove him and his girlfriend around looking for the truck, and they found the truck in the ditch. Appellant told one officer that either a friend or "BJ," "TJ" or "PJ" had driven them around looking for the stolen truck. Appellant indicated that he had not filed a police report on the vehicle theft and did not wish to do so. Keys to the vehicle were found in appellant's front pants pocket.
 {¶ 10} Officers testified that appellant's pants and shoes were wet and muddy. A Goshen Township Police officer testified that he smelled a strong odor of alcohol from appellant, that appellant's speech was slurred, that appellant's eyes were bloodshot and glassy, and that appellant appeared to sway at times and "wasn't very stable on his feet."
 {¶ 11} The Ohio State Highway Patrol officer who also responded to the scene testified that he observed appellant to have a "strong odor of an alcoholic beverage coming from about his body," slurred speech and bloodshot eyes. When appellant was asked whether he had anything to drink, appellant refused to answer any further questions, refused any field sobriety tests, and refused to submit to chemical testing of alcohol levels.
 {¶ 12} Applying the applicable standard of review for a sufficiency challenge, and construing the evidence most favorably for the prosecution, any rational trier of fact could have found beyond a reasonable doubt that appellant was operating his vehicle in the state of Ohio while under the influence of alcohol or drugs. R.C. 4511.19. The trial court did not err in overruling appellant's Crim.R. 29 motion for acquittal. Appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 16} Appellant again asserts that the conviction was against the manifest weight of the evidence on the issue of his operation of the vehicle while under the influence of alcohol or drugs.
 {¶ 17} As we previously discussed, the trial court heard evidence from the state that appellant's vehicle was involved in a single-vehicle accident. Both law enforcement officers at the scene of the accident testified that they believed the truck struck the ditch because the operator of the truck ran through the stop sign at the end of the "T-intersection." The state patrol officer testified that unsafe speed was a contributing factor to the operator's inability to control the vehicle.
 {¶ 18} Evidence was presented that appellant's truck ignition keys were located in his front pants pocket, his pants were wet and muddy, and he was unable to affirmatively identify the individual who allegedly drove them around searching for the stolen vehicle and who left them that night at the crash scene. As we previously noted, the trier of fact also heard testimony that appellant did not report the vehicle theft and refused law enforcement's offer to report the theft of his damaged vehicle.
 {¶ 19} Both law enforcement officers testified that appellant had bloodshot eyes, an odor of alcohol, and slurred speech. One officer testified that he observed appellant to be unsteady on his feet. Both law enforcement officers opined that appellant was under the influence of alcohol, and, therefore, not fit to be driving the vehicle. Further, appellant refused to undergo chemical testing to determine alcohol levels. See State v.Wargo (Oct. 31, 1997), Trumbull App. No. 96-T-5528 (under certain circumstances, trier of fact may consider a defendant's refusal to submit to a chemical test as evidence in deciding whether defendant under influence of alcohol).
 {¶ 20} While appellant presented no evidence at trial, appellant noted on cross examination that the officers were unable to locate any glass fragments on appellant or his girlfriend. Appellant argued that this fact clearly shows that they were not in the vehicle when it crashed because the state patrol officer believed the back window of the pick-up truck shattered in the accident.[2] Appellant also pointed out on cross-examination that his clothing would be wet and muddy and he would possess the truck's ignition keys, if, after discovering the stolen vehicle, he stepped into the ditch to check his vehicle and removed the keys from the truck.
 {¶ 21} The trial court, as trier of fact, was in the best position to weigh the evidence and judge the credibility of the witnesses on the issues of whether appellant was operating his vehicle while under the influence of alcohol, or whether a thief or thieves drove the truck into the ditch.
 {¶ 22} Employing the applicable standard for a manifest weight review, we do not find that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Wargo (state must show impaired driving ability
[emphasis added]; state can rely on physiological factors such as slurred speech, bloodshot eyes, odor of alcohol and coordination tests to demonstrate that physical and mental ability to drive is impaired); State v. Nicely (1988), 39 Ohio St.3d 147, 151
(proof of guilt may be made by circumstantial evidence, real evidence and direct or testimonial evidence, and all three have equal probative value).
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM[.]"
 {¶ 26} Appellant argues that sentencing him to more than the minimum prison sentence violated the principals set forth inBlakely v. Washington (2004), 543 U.S. 220, 124 S.Ct. 2531. A review of the record indicates that the trial court made the required statutory findings to impose more than the minimum sentence pursuant to R.C. 2929.14(B).
 {¶ 27} While this appeal was pending, the Ohio Supreme Court issued State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, which held that certain sections of Ohio's sentencing code violated the Sixth Amendment and the U.S. Supreme Court's holding in Blakely. "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission by the defendant, they are unconstitutional." Foster,
¶ 83.
 {¶ 28} The Foster court determined that the above mentioned provisions were severable from the sentencing code. Foster at paragraphs one and two of the syllabus.
 {¶ 29} Therefore, based upon the severance of the subsection of R.C. 2929.14(B), as pertinent here, this matter must be reversed and remanded to the trial court. As stated in Foster,
appellant is entitled to a new sentencing hearing, although he may stipulate to the existing record and waive the taking of additional evidence. Foster at ¶ 105; State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ¶ 37. In resentencing appellant on remand, the trial court shall consider those portions of the sentencing code unaffected by Foster, and impose any sentence within the appropriate felony range. Foster at ¶ 105.
 {¶ 30} As we noted in State v. Hooks, Butler App. No. CA2004-02-047, 2006-Ohio-1272, ¶ 12, the Ohio Supreme Court explained in Mathis that the portions of the sentencing code to be considered include the purposes of felony sentencing in R.C.2929.11, and the seriousness and recidivism factors in R.C.2929.12. Mathis at ¶ 38. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. Mathis at ¶ 37. In addition, the court "must be guided by statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 31} The trial court has full discretion to impose a prison sentence within the statutory range, and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. Hooks, ¶ 12, citingFoster, paragraph seven of syllabus.
 {¶ 32} Accordingly, appellant's third assignment of error is sustained. Appellant's sentence is reversed and this matter is remanded to the trial court for resentencing according to law and consistent with this opinion.
Young and Bressler, JJ., concur.
[1] It was also noted in the indictment and stipulated to at trial that appellant had three previous DUI convictions in the last six years.
[2] One officer described the pick-up truck has having a single cab, but then indicated that he believed the truck had an extended cab with a back seat.