OPINION
{¶ 1} Defendant-appellant, Dana Hinkel, appeals his conviction in Hamilton Municipal Court for unauthorized use of a motor vehicle. We affirm appellant's conviction.
 {¶ 2} In March 2005, the state charged appellant with unauthorized use of a motor vehicle in violation of R.C. 2913.03, a first-degree misdemeanor. Appellant subsequently pled "not guilty" to the charge. In June 2005, the Hamilton Municipal Court held a bench trial. At trial, the state sought to prove that appellant knowingly used his elderly mother's car without her consent. The municipal court found appellant guilty and convicted him of the charge. The court sentenced appellant to 180 days in jail, and imposed fines and costs of $260.
 {¶ 3} Appellant now appeals his conviction, assigning one error as follows:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO GRANT APPELLANT'S MOTION FOR ACQUITTAL."
 {¶ 5} In this assignment of error, appellant argues that the state did not present sufficient evidence at trial to support a conviction. According to appellant, the municipal court erred in not granting his Crim.R. 29 motion.
 {¶ 6} When reviewing a trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test it would if reviewing a challenge based on the sufficiency of the evidence to support a conviction. State v. Free, Clermont App. No. CA2005-04-023, 2006-Ohio-1436, ¶ 5. That test focuses primarily on the adequacy of the evidence presented by the prosecution. State v. Choudhary, Butler App. No. CA2004-03-066,2004-Ohio-6480, ¶ 7. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 34.
 {¶ 7} R.C. 2913.03(A) provides as follows:
 {¶ 8} "No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent."
 {¶ 9} Officer Walters, a city of Hamilton police officer, testified that she "was dispatched to make a stolen car report" at the home shared by appellant and the car's owner, appellant's mother. Officer Walters testified that when she arrived at the home, appellant's mother provided information for the stolen car report and signed the report. Appellant's mother did not state that appellant had her consent to use the car. While Officer Walters was at the home, appellant returned with the car. Officer Walters went toward the garage and met appellant at the garage door. Appellant removed the car keys from his pocket and gave them to Officer Walters. Officer Walters testified that there was no one else with appellant. Prior to Officer Walters' testimony, appellant's mother had testified that she called the police after her daughter told her, "Dana stole the car."
 {¶ 10} We find that the above evidence presented by the state at trial was sufficient to sustain appellant's conviction for unauthorized use of a motor vehicle. Officer Walters' testimony, if believed, established that appellant knowingly used the car without the consent of his mother, the car's undisputed owner. As appellant points out, his mother did testify that he had her consent to use the car. However, a rational trier of fact could have reasonably viewed that testimony with skepticism, given Officer Walters' testimony as to the actions of appellant's mother on the day of the crime. Based on Officer Walters' testimony, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, we overrule appellant's sole assignment of error.
 {¶ 11} Judgment affirmed.
Walsh and Bressler, JJ., concur.