OPINION
{¶ 1} Defendant-appellant, Norman Andrews, appeals his conviction and sentence in the Butler County Court of Common Pleas, on one count of gross sexual imposition. We affirm appellant's conviction, and reverse and remand this matter for resentencing.
 {¶ 2} After retiring, appellant's wife, Carol Andrews, provided childcare for six to seven children in the home she shared with appellant. During a visit to a physician in July 2004, K.R., one of the children, told her mother that appellant had touched her sexually on numerous occasions. Her mother reported the allegation to police. A detective spoke with appellant who agreed to be interviewed. Appellant at first denied having any inappropriate contact with K.R., but later stated that on two occasions he may have accidentally touched K.R.'s vaginal area. He told the detective that in one instance he and K.R. had been wrestling and his hand slipped up her shorts and underwear. He stated that on another occasion K.R. had asked him to rub her legs and while he was doing so, he again accidentally slid his hand under her shorts and underwear. Appellant provided a written statement recounting the same events.
 {¶ 3} Appellant was charged with two counts of gross sexual imposition and the matter proceeded to a jury trial. K.R., 11 years old at the time of the trial, testified that appellant's wife baby-sat her for approximately six years. She stated that when she was ten years old, appellant had put his fingers under her underwear and "into her private place." She testified that while doing so, appellant quietly said "yeah," and "ooh." She asked appellant to stop but he continued as though he hadn't heard her. She testified that this occurred once on the back porch when the other children were outside, and at other times in the home's master bedroom. K.R.'s diary, which contained the following entry, was entered into evidence: "Today at Carol's house Uncle Andy [appellant] did this really disgusting thing to me. I won't tell because it's too gross. I want to tell mom but I just can't." Appellant's granddaughter, C.A., 12 years old at the time of trial, testified that appellant had similarly touched her.
 {¶ 4} Appellant presented testimony from several children and parents who had never witnessed any inappropriate conduct by appellant. C.A.'s sister testified that C.A. had not been truthful, and her father, appellant's son, testified that he thought that C.A. had been encouraged by his ex-wife to testify falsely. Appellant testified that he never inappropriately touched a child, other than by mistake, and testified that his written statement was meant only as a hypothetical. He stated that he signed the statement only so that he could return home after being intimidated by the interviewing detective.
 {¶ 5} Appellant was found guilty on one count and acquitted of the other. He was sentenced to three years in prison, a sentence which exceeded the statutory minimum. He appeals, raising three assignments of error:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT WHEN IT OVERRULED HIS MOTION FOR ACQUITTAL."
 {¶ 8} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based on the sufficiency of the evidence to support a conviction. See State v. Lamar,95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 79; State v. Free, Clermont App. No. CA2005-04-023, 2006-Ohio-1436, ¶ 5. In resolving the sufficiency of the evidence argument, "`[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Brinkley, 105 Ohio St.3d 231, 2005-Ohio-1507, ¶ 40, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The weight to be given the evidence and the credibility of witnesses are primarily jury issues. State v. Waddy (1992), 63 Ohio St.3d 424, 430; Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jalowiec,91 Ohio St.3d 220, 228, 2001-Ohio-26, citing Jenks at 273.
 {¶ 9} Appellant was charged with gross sexual imposition in violation of R.C. 2907.05(A)(4). This section prohibits "sexual contact" with another, when the other person is less than 13 years of age. R.C. 2907.01(B) defines sexual contact as "any touching of an erogenous zone of another, including without limitation, the thigh, genitals, buttocks, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying the other."
 {¶ 10} In this assignment of error, appellant argues that any sexual contact that occurred was accidental, and consequently, that the state failed to present evidence of sexual gratification.
 {¶ 11} "Sexual contact" is sufficiently demonstrated by showing that a defendant touched an erogenous zone. See State v.Goins, Butler App. No. CA2000-09-190, 2001-Ohio-8647; State v.Young (Aug. 15, 1997), Athens App. No. 96CA1780. "Sexual gratification" is demonstrated by evidence that a defendant committed the act with specific purpose or intention of sexually arousing or gratifying either himself or the victim. R.C.2907.01(B); Goins; State v. Mundy (1994), 99 Ohio App.3d 275,287. Absent an admission of guilt, however, proof of an accused's purpose or specific intent requires consideration of circumstantial evidence. Mundy at 288. Whether the touching was undertaken for the purpose of sexual arousal or gratification "must be inferred from the type, nature, and circumstances surrounding the contact." Goins at 19, citing Mundy at 289; see, also, State v. Lott (1990), 51 Ohio St.3d 160, 168.
 {¶ 12} The state presented evidence, including appellant's written statement and the testimony of the victim, that appellant touched the victim's genitals. The victim testified that appellant said "yeah," and "ooh" while rubbing her vaginal area, and continued touching her even after she asked him to stop. Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. There was sufficient evidence of sexual contact, and sufficient circumstantial evidence to demonstrate that the act was committed with specific purpose or intention of sexually arousing or gratifying the perpetrator or the victim. The assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT EXCLUDED ONE OF HIS WITNESSES ON GROUNDS OF INCOMPETENCE."
 {¶ 15} Appellant sought to call seven year old T.J. as a witness. However, the trial court prohibited his testimony upon determining that T.J. was incompetent to testify.
 {¶ 16} Evid.R. 601 states in pertinent part, "Every person is competent to be a witness except: (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." It is the duty of the trial judge to conduct a voir dire examination of a child less than ten years of age to determine the child's competency to testify. State v.Frazier (1991), 61 Ohio St.3d 247, 250-251. In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful. Id.
 {¶ 17} The trial judge, who sees the witness, hears the testimony and passes on competency, is "in a far better position to judge [witness] competency than [a reviewing court], which only reads the testimony from the record[.]" State v.Bradley (1989), 42 Ohio St.3d 136, 141, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Consequently, absent an abuse of discretion, competency determinations of a trial judge will not be disturbed on appeal. Id.; State v. Frazier (1991),61 Ohio St.3d 247, 251. The term "abuse of discretion" connotes more than an error of law or of judgment; rather, it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 130, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 18} At a competency hearing, seven-year-old T.J. was asked questions related to his ability to accurately perceive and recall past events. He could recall his age and where he attended school, but was unable to name his hometown or recall past holidays within an accurate timeframe. His answers were often contradictory. T.J. was able to explain what a lie is but when asked to explain what the truth is, he answered, "[i]f you tell the truth, then — I can't really tell." Given T.J.'s inability to demonstrate that he could accurately recall events, communicate regarding them, and appreciate the necessity of being truthful, we cannot say that the trial court's decision to exclude his testimony was an abuse of discretion. We further note that appellant failed to proffer the substance of T.J.'s testimony, as required by Evid.R. 103(A)(2), in order to preserve the issue for appellate review. See State v. Mitts (1998), 81 Ohio St.3d 223,227. Appellant's second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO A TERM OF IMPRISONMENT IN EXCESS OF THE MINIMUM SENTENCE."
 {¶ 21} In his third assignment of error, appellant maintains that the imposition of a nonminimum sentence based on facts neither found by a jury nor admitted by appellant infringed upon his Sixth Amendment rights as defined by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 22} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional, and severed those portions from Ohio's sentencing code. See State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Among these sections was R.C. 2929.14(B), which requires judicial findings before the imposition of a greater than minimum sentence. Foster, at paragraph one of the syllabus. As a result of the high court's severance of this provision from Ohio's sentencing code, judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. Id., at paragraph two of the syllabus. See, also, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 23} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Accordingly, appellant's third assignment of error is sustained. Appellant's sentence is reversed and this matter is remanded to the trial court for resentencing according to law and consistent with this opinion.
 {¶ 24} Judgment affirmed in part, and reversed and remanded in part.
Powell, P.J., and Young, JJ., concur.