OPINION
{¶ 1} Defendant-appellant, Kevin Darrah, appeals his conviction in the Warren County Court of Common Pleas for rape, a felony of the first degree.
 {¶ 2} A.T.'s mother was acquainted with appellant through work. When AT. and her mother moved into a new home, appellant offered to assist them. The move occurred on Saturday, February 25, 2005. After moving furniture, appellant ordered pizza to be delivered to the new home. A.T.'s mother needed to retrieve some additional items from her prior *Page 2 
residence, so appellant offered to stay at the new home to wait for the pizza. AT., then five years old, was hungry and wanted to stay at the new house to eat pizza. Appellant agreed to stay with her at the new house while A.T.'s mother continued moving.
 {¶ 3} AT. testified at trial that, while her mother was gone, she and appellant played hide and seek. When she became tired, the two lay down on the bed. AT. testified that appellant bit her ear and kissed her on the lips. She testified that he then unzipped her pants and stuck his fingers in her "butt."
 {¶ 4} A.T.'s mother testified that on Sunday morning during their shower, AT. complained that soap touching her genital area hurt because she was sore. AT. told her mother that appellant had touched her and hurt her. When A.T.'s mother examined AT., she discovered that the area around A.T.'s vagina was red and inflamed. She testified that she observed a "blood bruise" on A.T.'s hip. A.T.'s mother called A.T.'s pediatrician, and was advised to bring AT. to an appointment on the next day, Monday.
 {¶ 5} At the appointment, AT. was examined by Dr. Deborah Goodlander. Goodlander testified that, during the appointment, she questioned AT. about what had happened, and AT. reported to her that someone named Kevin had hurt her with his finger. When Goodlander asked AT. where she was hurt, AT. pointed to her labia. When Goodlander examined A.T.'s genitals, she observed unusual pinpoint redness at the vaginal opening. Goodlander testified that the injury was consistent with injury that would have been caused by a fingernail.
 {¶ 6} Appellant was indicted on one count of rape, with the specification that the victim was a child under the age of ten, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4). The charge of gross sexual imposition was amended to a lesser included offense. Appellant was arrested on March 27, 2005. After a jury trial, *Page 3 
appellant was found guilty of rape with a specification that the victim was under the age of ten. The trial court imposed a sentence of life imprisonment. Appellant appeals his conviction, citing three assignments of error.
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred in allowing five-year-old AT. to testify. Appellant argues that AT. was incompetent to testify under Evid.R. 601(A) andState v. Frazier (1991), 61 Ohio St.3d 247, 250-51. Evid.R. 601 provides that "[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *." In Frazier, the Ohio Supreme Court discussed the manner in which this rule should be applied to minor children of tender years. The court stated that:
 {¶ 8} "[i]t is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. Such determination of competency is within the sound discretion of the trial judge. The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. Thus, the responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them."
 {¶ 9} Id. at 250-251. The court went on to instruct that a trial court should take into consideration:
 {¶ 10} "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to *Page 4 
be truthful." Id. at 251.
 {¶ 11} In the case at bar, the trial court did perform a competency examination of AT. prior to allowing her to testify. The court conducted an examination of AT., and defense counsel and the state were each given the opportunity to question her. During the competency hearing, AT. demonstrated the ability to recall and relate basic information to the court. AT. demonstrated an understanding of the difference between truth and lies. Her testimony indicated that she appreciated that it was important that her statements be truthful.
 {¶ 12} Appellant cites State v. Andrews, Butler App. No. CA2005-04-088, 2006-Ohio-2021, in support of his argument that AT. was incompetent to testify. In Andrews, the trial court disqualified one of the appellant's witnesses based on incompetency. The witness, a seven-year-old, was unable to recall past events with accuracy, offered contradictory statements, and failed to demonstrate an appreciation of the difference between truth and falsity. This court found that the trial court did not abuse its discretion in disqualifying the witness. Id. at ¶ 18.
 {¶ 13} The facts of Andrews are clearly distinguishable from the case at bar. While AT. did have some difficulty answering some questions related to the name of her school, the location of her home, and her grade in school, she was not required to answer every question correctly in order to be found competent to testify. See State v. Tillman, Butler App. No. CA2003-09-243, 2004-Ohio-6240, ¶ 12. Rather, she had to be able to "receive, recollect, and communicate impressions of fact * * *."State v. McNeill, 83 Ohio St.3d 438, 443, 1998-Ohio-293. During the competency hearing, AT. was able to answer questions consistently and correctly regarding information about herself, her mother, her routine, and past events.[1] *Page 5 
Further, she demonstrated an understanding of the difference between the truth and lies. See id.; Frazier at ¶ 18; compare Schulte v.Schulte, 71 Ohio St.3d 41, 44. As such, we find that the trial court did not abuse its discretion when it determined that AT. was competent to testify under Evid.R. 601(A).[2] The first assignment of error is overruled.
 {¶ 14} Appellant argues in his second assignment of error that the trial court erred when it did not allow appellant's witness, Beth Gress, to testify as an expert witness during the trial. The trial court excluded her expert testimony on the basis that it was not relevant to the proceedings.
 {¶ 15} Evid.R. 103 provides, in pertinent part:
 {¶ 16} "(A) Effect of erroneous ruling. Error may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * *
 {¶ 17} "(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. * * *"
 {¶ 18} The Ohio Supreme Court has stated that, "[p]ursuant to the explicit provisions of this rule, a party may not predicate error on the exclusion of evidence during the examination in chief unlesstwo conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions *Page 6 
were asked." State v. Gilmore (1986), 28 Ohio St.3d 190, 191. "If a party claiming error is unable to establish the first requirement, the error is deemed harmless. If the party is unable to establish the second requirement, the error is deemed waived." Campbell v. Johnson (1993),87 Ohio App.3d 543, 551; see, also, State v. Grubb (1986),28 Ohio St.3d 199, 203.
 {¶ 19} With respect to the adequacy of the offer of proof, inState v. Heinish (1990), 50 Ohio St.3d 231, 240, the Ohio Supreme Court described two different methods to be used for preserving the record on appeal when a trial court excludes a witness. The first method is the question-and-answer method whereby the sworn testimony of the excluded witness is taken outside the presence of the jury. The second method, approved by the Ohio Supreme Court in Grubb, at paragraph two of the syllabus, permits the proponent of the evidence to "proffer to the court for review on appeal the substance of what the evidence would have shown[.]" Heinish at 240.
 {¶ 20} In accordance with these rules, we must examine appellant's offer of proof for adequacy. Although Gress was called to the stand during trial, she was only questioned as a character witness. Counsel for appellant was permitted to make a proffer on the record regarding her expert testimony after the jury was dismissed. The record reflects that appellant's counsel put forth considerable effort in proffering Gress' qualifications to testify as an expert. However, a review of the record indicates that Gress' qualifications were not at issue. Rather, the court restated several times its concerns that the testimony Gress intended to offer was not relevant to the proceedings. In response to those concerns, appellant's counsel offered two different statements that could be construed as an intended proffer as to the substance of Gress' testimony. First, counsel stated that Gress was qualified "to give an opinion, based upon her training, education, and experience, as to the interviewing of alleged child sexual abuse victims; and the training and experience in the technical information and learned treatises that she has been taught and examined regarding *Page 7 
the truthfulness of allegations from children; and regarding the ability of children to relate and fantasize regarding these investigations." Later, he stated that Gress could "have her unique prospective [sic] regarding her experiences in the past and how the process works as far as identification and investigation of these allegations."
 {¶ 21} We find that this offer of proof is insufficient to preserve the record on appeal. In Moser v. Moser (1991), 72 Ohio App.3d 575, 580, the Third District Court of Appeals stated:
 {¶ 22} "Generally, an offer of proof consists of two elements. First, the offering party must inform the trial court as to the legal theory upon which admissibility is proposed. Second, an offering party must show what a witness was expected to testify to and what that evidence would have proven or tended to prove. See 4 Ohio Jurisprudence 3d (1978) 355, Appellate Review, Section 172. While the proffer of the expected testimony need not be as specific as the testimony itself would have been it must nonetheless be sufficient to enable the reviewing court to determine roughly what, if any, impact the testimony may have had upon the final disposition of the case."
 {¶ 23} The rule as stated in Moser properly sets forth the information that a proffer should include in order to provide a reviewing court with sufficient information to determine whether the evidential ruling was an error. In Moser, a divorce case, the proffer offered by the appellant was the bare assertion "I wish her to testify as to grounds[.]" Id. The court of appeals found that, while a proffer was technically present, the proffer was insufficient to place the court on notice as to what the testimony would have been. Id. While the proffer in the case sub judice is somewhat longer than the proffer in Moser, we do not find it to be any more effective. The proffer fails to put us on notice as to how Gress' testimony would have related to any of the facts in consequence in this case. The proffer indicates that appellant intended that Gress would offer information regarding interviewing child victims of sexual *Page 8 
abuse and truthfulness of child victims of sexual abuse. Even after repeated requests by the trial court judge for him to do so, appellant's counsel did not relate the relevance of the information to the case at bar. When a party fails to make an adequate proffer, the issue is deemed to be waived. Campbell, 87 Ohio App.3d at 551. As such, the inadequacy of the proffer offered by appellant would be a sufficient reason for this court to overrule appellant's second assignment of error.
 {¶ 24} Finally, the trial court also determined that defense counsel's failure to disclose Gress as an expert witness until the second day of trial was inappropriate. The trial court specifically inquired during a pretrial conference as to the content of Gress' testimony. Appellant's counsel advised the court that Gress would be offered as a character witness. Appellant's attorney determined on Friday, September 8, 2006, that Gress qualified as an expert witness. Defense counsel did not disclose its intent to call Gress as an expert until the second day of trial, which was Tuesday, September 12, 2006, after the state had already presented its case-in-chief. The trial court did not abuse its discretion when it determined that this late disclosure was inappropriate. See State v. Bolton (May 30, 2000), Columbiana App. No. 98-CO-33, 2000 WL 748130, *6.
 {¶ 25} For the foregoing reasons, appellant's second assignment of error is overruled.
 {¶ 26} Appellant's third assignment of error argues that a recording of an interview of AT. by a social worker should have been provided to appellant during discovery because it was critical and material to the preparation of his defense. The state argued that it had no intention of presenting the social worker as a witness or introducing the recording at trial. The state further argued that nothing under Crim.R. 16 required the state to provide a copy to appellant of a statement made by a witness. The trial court agreed with the state and denied appellant's motion to compel. Appellant did not explicitly cite to Crim.R. 16(B)(1)(f) or the Brady case in his motion to compel discovery. Although appellant's motion did not use the *Page 9 
words "favorable," "exculpatory," or "impeachment," appellant did argue that "whether the child was coached, was evasive, or words may have been taken out of context [sic], are all items that are critical and material in preparing a defense to this charge." It appears that appellant inarticulately argued that the evidence was both material and favorable because it was either exculpatory or relevant to impeachment. On appeal, appellant specifically argues that the evidence was discoverable under Crim.R. 16(B)(1)(f).
 {¶ 27} Crim.R. 16(B)(1)(f) codifies the constitutional right of a defendant to receive from the prosecution "evidence favorable to an accused [and] * * * material either to guilt or to punishment" underBrady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194. See State v.Keene, 81 Ohio St.3d 646, 650, 1998-Ohio-342. Brady material is only discoverable if it is both favorable and material. In United States v.Bagley (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, the United States Supreme Court expounded on the "materiality" of evidence in aBrady context: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." In United States v. Agurs (1976), 427 U.S. 97, 109-110,96 S.Ct. 2392, 2400, the United States Supreme Court stated that the"mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense." (Emphasis added.)
 {¶ 28} Where a defendant makes only a general request for exculpatory material, "it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v.Ritchie (1987), 480 U.S. 39, 59, 107 S.Ct. 989. Thus, the prosecutor is responsible for examining evidence for potential Brady material.State v. Lawson (1992), 64 Ohio St.3d 336, 343. A Brady *Page 10 
request may also be in a form that indicates to the prosecutor exactly what the defense is after. Agurs, 427 U.S. at 106. Ritchie,480 U.S. at 58, fn.15, suggests that a specific request will sometimes require the trial court to review the contested matter in camera to determine whether it is favorable and material despite representations to the contrary by the prosecutor. See State v. Lawson (1992),64 Ohio St.3d 336.
 {¶ 29} There is nothing in the record to indicate that appellant requested that the trial court conduct an in camera inspection of the interview prior to trial for favorable and material evidence or subsequent to A.T.'s testimony under Crim.R. 16(B)(1)(g) for purposes of evaluating the consistency of A.T.'s testimony. In addition, there is no indication that appellant requested to have a copy of the interview sealed and placed in the record to preserve the issue for appellate review. The trial court enjoys a presumption of validity such that the appellant on appeal is required to prove affirmatively both error and prejudice. Makranczy v. Gelfand (1924), 109 Ohio St. 325, 331. Because the recording is not included in the record, it is impossible for appellant to prove that the evidence requested was favorable. As such, it is impossible for appellant to prove that he was prejudiced by the trial court's decision to deny his motion to compel.
 {¶ 30} Furthermore, even if the evidence requested by appellant was favorable to his defense, we find that it was not material to guilt or punishment. A.T.'s mother and Goodlander each testified as to A.T.'s account of the abuse. These accounts of the abuse occurred prior to exposure of AT. to the interviewing techniques of the social worker. A.T.'s testimony at trial was consistent with the testimony of her mother and Goodlander. All of the testimony was consistent with the physical evidence of abuse. There is no indication whatsoever that the evidence requested, if disclosed, would have caused the result of the proceeding to have been different. The evidence does not undermine confidence in the outcome in the trial. As such, appellant fails to satisfy the standard of materiality required to *Page 11 
meet the Brady threshold for discovery established under Agurs,427 U.S. at 109-110, and Bagley, 473 U.S. at 682.
 {¶ 31} For the foregoing reasons, appellant's third assignment of error is overruled.
 {¶ 32} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] During A.T.'s testimony in the state's case-in-chief, there were no inconsistencies regarding her recollection of the alleged abuse. During the competency hearing, the trial court did not question AT. regarding her recollection and ability to communicate information related to the charges. However, we note that it is her ability to recollect and communicate those facts that is relevant to the determination of competency under Evid.R. 601(A). See State v.Goins, Butler App. No. CA2000-09-190, 2001-Ohio-8647, fn.1. Of course, the trial court is permitted to make a general inquiry during the competency hearing, as it did here, to make this determination.State v. Rayburn, Clinton App. No. CA99-03-005, 2000 WL 485501, at *2.
[2] We note that, even if A.T.'s statements were excluded due to competency, there is sufficient evidence on the record to support appellant's conviction. Under the recent Ohio Supreme Court case ofState v. Muttart, 116 Ohio St.3d 5, 9, 2006-Ohio-2506, the hearsay exception for statements made for the purpose of medical diagnosis and treatment under Evid.R. 803(4) applies to the statements made by A.T. to her pediatrician, making them admissible under the hearsay rule. Further, the statements made by A.T. to her mother were admissible as excited utterances under Evid.R. 803(2). *Page 1