[Cite as *In re M.G.*, 2016-Ohio-2677.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF: M.G.          :

          :          CASE NO. CA2015-06-126

          :          O P I N I O N
          :          4/25/2016

          :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2014-1740

D. Joseph Auciello, Jr., 306 South Third Street, Hamilton, Ohio 45011, for appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, M.G., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating her delinquent for committing gross sexual imposition.

{¶ 2} Appellant was charged by complaint in the juvenile court with gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony if committed by an adult. The complaint alleged that on one occasion between October 2013 and May 2014, appellant, then 12 years old, had sexual contact with a 6-year-old girl ("the victim").

{¶ 3} On April 21, 2015, the juvenile court held a competency hearing to determine

whether the victim was competent to testify. During the hearing, the juvenile court and the prosecutor asked the victim questions related to her ability to recall information and to truly relate her observations. Defense counsel did not question the victim when given the opportunity to do so by the juvenile court. At the conclusion of the hearing, the juvenile court found the victim competent to testify.

{¶ 4} The matter then proceeded to an adjudicatory hearing. During its case-in-chief, the state presented the testimony of the victim, the victim's mother, the victim's paternal grandmother, a detective, and a social worker who had conducted a forensic interview of the victim on June 6, 2014, at the Mayerson Center at Cincinnati Children's Hospital. The juvenile court also viewed the videotape of the victim's forensic interview.

{¶ 5} Testimony at the hearing revealed that the victim has been in the legal custody of her paternal grandparents since shortly after she was born. However, the victim maintained a relationship with her mother and visited with her on alternating weekends. Between October 2013 and May 2014, the victim's visitation with her mother took place at appellant's home where the victim's mother was temporarily residing. The incident in question took place on a weekend during one of these visitations.

{¶ 6} The incident occurred in a closet in appellant's bedroom. The bedroom has no door and is located across the hall from appellant's mother's bedroom. However, the closet is situated so that it is not visible from outside of appellant's bedroom. Rather, as appellant's mother testified, "if somebody was in the closet," "you would have to literally come into the room [and] be in the room to see them."

{¶ 7} The victim testified that she and appellant were in appellant's bedroom and somehow ended up in the closet. Inside the closet, appellant exposed one of her breasts and made the victim suck on it. Appellant also used her finger to touch the victim's vagina, which felt "weird," and appellant made the victim "itch" appellant's vagina with the victim's

- 2 -

finger.  During the incident, both were clothed, the touching was done under clothing, and the closet door was closed.  The victim could not remember what was in the closet.  She also did not remember the specific day it happened.  The victim eventually told her grandmother about the incident, although she could not remember when, where, or how, but she thought it was important to tell her.

{¶ 8}   The victim's grandmother stated the victim disclosed the incident to her in June 2014, after school was out.  The victim's mother found out about the incident in the summer of 2014 when the grandmother told her.  The victim's mother described appellant's closet as having "clothes and stuff on the bottom," not full of toys, not "packed full," and with sufficient room to accommodate a child.

{¶ 9}   The videotape of the victim's forensic interview was played during the hearing and admitted into evidence.  In the interview, the victim told the social worker that during one of her weekend visits at appellant's house, appellant made her "have sex" with her and that it bothered the victim.  Specifically, while inside appellant's closet, appellant exposed one of her breasts and made the victim suck on it and squeeze it, made the victim "itch" appellant's "private part," and did the same thing to the victim.  The victim demonstrated with her finger how appellant wanted her to "itch" her "private part," and stated that when appellant "itched" her vagina, it felt like the victim had to go to the bathroom even though she did not.  The victim stated that both were clothed during the incident and that the touching was done under their clothing.  The victim also stated she was able to leave the closet only after appellant allowed her.  The victim stated she eventually told her grandmother about the incident even though she was a little scared to tell her.  During the hearing, the social worker stated that she does not typically ask a young child "about when something happened because * * * kids are terrible with time [and] everything is yesterday or a long time ago."

{¶ 10} After the state rested its case, defense counsel presented the testimony of

appellant and appellant's mother. Appellant denied getting in her closet with the victim or asking the victim to have sex with her, and denied any inappropriate touching between the two of them. Appellant initially denied spending time alone with the victim in her bedroom, but later conceded there were times when she and the victim were alone in her bedroom. With regard to her closet, appellant stated it only had old toys, cheerleading equipment, and hangers; "the stuff in her closet was piled up knee high;" and as a result, it was difficult to close the door or keep it closed. Appellant stated she could fit in her closet if it were empty, and that she and a "really skinny" person could stand in the closet, side by side, shoulder to shoulder.

{¶ 11} Appellant's mother related that appellant and the victim used to be close but that the victim stopped coming to appellant's house at the end of March 2014. Appellant's mother denied appellant and the victim were ever alone in appellant's bedroom and stated they "were always in view of somebody," but later conceded the two girls had spent time alone together. Appellant's mother claimed the closet was used solely as a storage place, contained no clothes, and was "stuffed full" of old toys and hangers. As a result, a child could not stand inside the closet without removing items, and emptying the closet would take a "good twenty minutes."

{¶ 12} On April 21, 2015, the juvenile court adjudicated appellant delinquent for committing gross sexual imposition. The juvenile court specifically stated it found the victim "to be very believable [and] clearly competent." The juvenile court further stated it did not find the testimony of appellant and appellant's mother to be credible.

{¶ 13} Appellant appeals, raising two assignments of error.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED BY FINDING [THE VICTIM] COMPETENT TO TESTIFY.

- 4 -

{¶ 16} Appellant argues the victim was incompetent to testify because she consistently told the prosecutor she did not remember the events or facts related to the charge, and she was unable to communicate these events without leading questions. Appellant also asserts the voir dire examination of the victim was incomplete because the victim was "questioned very little regarding her duty to tell the truth and unquestioned about whether * * * she knew about accurate facts surrounding th[e] event."

{¶ 17} Evid.R. 601 provides that "[e]very person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." It is the duty of the trial court to conduct an examination of a child less than ten years old to determine the child's competency to testify. *State v. English*, 12th Dist. Butler No. CA2013-03-048, 2014-Ohio-441, ¶ 24. In making this determination, the trial court must consider (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful. *State v. Frazier*, 61 Ohio St.3d 247, 251 (1991).

{¶ 18} A child witness under ten years old may be competent to testify even though the child is unable to recollect all of the facts of a given situation. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 76. The child's answers must demonstrate that the child "can perceive and recall generally and understands the concept of truthfulness." *Id.* A trial court's finding that a child under the age of ten is competent to testify will not be disturbed, absent an abuse of discretion. *Frazier* at 250-251; *English* at ¶ 25. An abuse of discretion is more than an error of law or judgment, and instead connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 19} Upon reviewing the record, we find that the juvenile court conducted an adequate voir dire examination of the victim and did not abuse its discretion in finding the victim was competent to testify.

{¶ 20} We initially note that appellant's claim that the victim was unable to remember the events or facts related to the charge and to communicate these events without leading questions, did not occur during the competency hearing.  During that hearing, the juvenile court did not question the victim regarding her recollection and ability to communicate information related to the charge.  Both Evid.R. 601 and the *Frazier* factors plainly reference a child's ability to accurately communicate about the matters to which he or she will be called to testify.  Ohio courts have nonetheless recognized that making a general inquiry during a competency hearing and asking general questions about the child's everyday life, as opposed to questions related to the subject of the child's anticipated trial testimony, is a proper method for a trial court to determine whether the child is competent to testify.  *See, e.g., State v. McNeill*, 83 Ohio St.3d 438 (1998); *State v. Kelly*, 93 Ohio App.3d 257 (5th Dist.1994); and *State v. Darrah*, 12th Dist. Warren No. CA2006-09-109, 2007-Ohio-7080.  Consequently, in our analysis today, we follow the precedent of this court and other Ohio courts that have affirmed a trial court's finding of competency in cases where the competency hearing did not involve any questions about the offense at issue.  *State v. Goins*, 12th Dist. Butler No. CA2000-09-190, 2001 WL 1525298 (Dec. 3, 2001).

{¶ 21} The victim was almost eight years old at the time of the competency hearing. Upon questioning, she was able to provide her name, the age of her brother, the identities of the people she lived with, and the street and city where she resided.  She was also able to communicate her current grade at school, the name of her school, the name of her teacher, her awareness of being in the courtroom, and why she was in court.  Her answers also showed she knew the difference between truth and falsity, understood the importance of

telling the truth, and understood she should tell the truth.

**{¶ 22}** We therefore find that the juvenile court heard sufficient testimony to declare the victim competent to testify and did not abuse its discretion in permitting her to testify. *English*, 2014-Ohio-441 at ¶ 29. The victim's answers during the competency hearing indicated she was able to receive, recall, and communicate accurate impressions of fact, understand truth and falsity, and appreciate her responsibility to be truthful. A trial court "is in the best position to determine child witness credibility, having an opportunity to observe the child's appearance, manner of responding to questions, general demeanor, and ability to recount facts accurately and truthfully." *State v. Sprauer*, 12th Dist. Warren No. CA2005-02-022, 2006-Ohio-1146, ¶ 12; *Frazier*, 61 Ohio St.3d at 251. The juvenile court, which saw the victim and listened to her testify, was in a far better position to determine her competency than this court, which only reads her testimony from the record. *State v. Clark*, 71 Ohio St.3d 466, 470 (1994); *State v. Anderson*, 154 Ohio App.3d 789, 2003-Ohio-5439, ¶ 67 (7th Dist.). In addition, the victim's testimony during the adjudicatory hearing, which was consistent with the statements she made during her forensic interview, supports the juvenile court's determination at the competency hearing that the victim was competent to testify.

**{¶ 23}** Appellant's first assignment of error is accordingly overruled.

**{¶ 24}** Assignment of Error No. 2:

**{¶ 25}** THE TRIAL COURT PREJUDICED [APPELLANT] BY ENTERING A GUILTY FINDING FOR GROSS SEXUAL IMPOSITION CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶ 26}** Under this assignment of error, appellant ostensibly argues her delinquency adjudication for committing gross sexual imposition is not supported by sufficient evidence and is against the manifest weight of the evidence because the state "failed to show the

touching occurred and that any touching was for sexual arousal or gratification."[1]  Appellant asserts that (1) the only evidence of gross sexual imposition came from the victim's trial testimony; (2) the victim's testimony lacked significant details, had many inconsistencies, and conflicted with the testimony of appellant and appellant's mother; and (3) the lack of physical evidence contradicted the victim's testimony.

{¶ 27}  The appropriate standard of review in determining whether there was sufficient evidence presented to the juvenile court to support its adjudication of delinquency is the same as the one used in adult criminal cases.  *See In re Washington*, 81 Ohio St.3d 337, 339 (1998); *In re A.L.*, 12th Dist. Butler No. CA2005-12-520, 2006-Ohio-4329, ¶ 11. Accordingly, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 70.

{¶ 28}  The standard of review applied in determining whether a juvenile court's finding of delinquency is against the manifest weight of the evidence is the same standard applied in adult criminal convictions.  *In re M.J.C.*, 12th Dist. Butler No. CA2014-05-124, 2015-Ohio-820, ¶ 28.  Under the manifest weight of the evidence standard, a reviewing court must examine the entire record, weigh all of the evidence and reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *Id.*  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*

---

1. As captioned, appellant's second assignment of error solely challenges appellant's delinquency adjudication as being against the manifest weight of the evidence.  However, defense counsel seemingly challenges the

{¶ 29} Because a finding that a conviction is supported by the manifest weight of the evidence also necessarily includes a finding that it is supported by sufficient evidence, the determination that a juvenile court's delinquency finding is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. *Id.* at ¶ 29.

{¶ 30} Appellant was adjudicated delinquent for committing gross sexual imposition in violation of R.C. 2907.05(A)(4), which provides in relevant part that:

> No person shall have sexual contact with another, not the spouse of the offender; [or] cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶ 31} R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 32} Upon carefully reviewing the record, we find that the juvenile court did not err in adjudicating appellant delinquent for committing gross sexual imposition. The victim's testimony during the adjudicatory hearing and the statements she made during her forensic interview show that appellant engaged in sexual contact with the six-year-old victim when, while in appellant's bedroom closet, appellant touched the victim's vagina with her finger, made the victim suck on her breast, and made the victim touch appellant's vagina with her finger. The victim consistently testified that the incident happened only once.

{¶ 33} Appellant argues, however, that there was no evidence that any touching was for sexual arousal or gratification. While an essential element of gross sexual imposition is that the act was for the "purpose of sexual arousal or gratification," there is no requirement that there be direct testimony regarding sexual arousal or gratification. *State v. Robinson*, 12th Dist. Clermont No. CA2015-01-013, 2015-Ohio-4533, ¶ 42. Rather, "[w]hether the

delinquency adjudication under this assignment of error as being also supported by insufficient evidence.

touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact." *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 33. In making this determination, "the trier of fact is permitted to infer what the defendant's motivation was in making the physical contact with the victim." *English*, 2014-Ohio-441 at ¶ 69. Therefore, "[i]f the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *State v. Pence*, 12th Dist. Warren No. CA2012-05-045, 2013-Ohio-1388, ¶ 72.

{¶ 34} In this case, the juvenile court could reasonably find, based on the victim's testimony, that the touching between appellant and the victim was done for the purpose of sexual arousal or gratification. The victim testified appellant made the victim suck on her breast, made the victim touch appellant's vagina with her finger, and touched the victim's vagina with her finger. The incident took place in appellant's bedroom closet, out of the view of anyone located outside of the bedroom, and with the closet door closed. The victim's testimony, which was consistent with the statements she gave to the social worker during her forensic interview, supported an inference that appellant's actions were for the purpose of sexually arousing or gratifying herself.

{¶ 35} Appellant also argues the lack of physical evidence contradicted the victim's testimony. However, physical evidence of sexual contact is not a required element of gross sexual imposition. *In re M.J.C.*, 2015-Ohio-820 at ¶ 34. "Where the testimony of [a] child victim is sufficient to support a conviction for gross sexual imposition, the conviction will not be reversed as being against the manifest weight of the evidence merely because there was no forensic evidence to support it." *In re A.L.*, 2006-Ohio-4329 at ¶ 27. *See also State v. While*, 11th Dist. Trumbull No. 2001-T-0051, 2003-Ohio-4594 (because sexual contact

generally does not leave trace evidence, lack of physical evidence is neither surprising nor fatal). The lack of physical evidence does not render the juvenile court's delinquency adjudication contrary to the manifest weight of the evidence.

{¶ 36} Finally, appellant argues the victim's testimony at the adjudicatory hearing was uncorroborated and inconsistent, lacked significant details, and conflicted with the testimony of appellant and appellant's mother. However, determinations regarding witness credibility, conflicting testimony, and the weight to be given such evidence are primarily for the trier of fact. *In re N.J.M.*, 12th Dist. Warren No. CA2010-03-026, 2010-Ohio-5526 ¶ 39. It is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. Further, "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Rhine*, 2d Dist. Montgomery No. 23486, 2010-Ohio-3117, ¶ 39.

{¶ 37} As noted earlier, the juvenile court was able to see and hear the victim both during the adjudicatory hearing and the victim's forensic interview. While the victim could not remember specific details regarding the incident or details regarding appellant's bedroom and her closet, the juvenile court nevertheless found the victim to be "very believable [and] clearly competent," and found her testimony to be "very compelling." The juvenile court acknowledged that while the victim "readily admitted she had forgotten [some things]," this was to be expected as almost a year had passed. The juvenile court noted that the victim's testimony was extremely consistent with her earlier forensic interview and rejected defense counsel's claim that the incident was child's play. The juvenile court further found that neither appellant's nor her mother's testimony were credible as "both have a great deal of motive to being untruthful in this Court."

{¶ 38} In light of the foregoing, we find that the juvenile court did not lose its way in adjudicating appellant delinquent for committing gross sexual imposition. The state presented evidence that appellant engaged in sexual contact with the six-year-old victim when appellant touched the victim's vagina with her finger, made the victim suck on her breast, and made the victim touch appellant's vagina with her finger. We therefore find that the juvenile court's decision adjudicating appellant delinquent for gross sexual imposition is not against the manifest weight of the evidence. As a result, we also find sufficient evidence to support the juvenile court's decision.

{¶ 39} Appellant's second assignment of error is overruled.

{¶ 40} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.