[Cite as *State v. Kane*, 2012-Ohio-4044.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110629 |
| | | TRIAL NO. B-1007957 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CISSE KANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 7, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}     Cisse Kane appeals his conviction for gross sexual imposition. We conclude that his assignments of error do not have merit, so we affirm the judgment of the trial court.

{¶2}     Kane was indicted for two counts of rape, two counts of sexual battery, and two counts of gross sexual imposition. The case was tried to a jury. Prior to opening statements, the state dismissed one rape count, one sexual-battery count, and two gross-sexual-imposition counts.

{¶3}     At trial, the state presented the testimony of C.B., a twenty-three-year-old woman who had spinal muscular atrophy. Due to the disease, C.B. was able to move only her toes and fingers. Kane was a nurse who provided C.B. home care during the night. According to C.B., on November 24, she had awoken in the early morning hours and had felt Kane massaging her shoulders. While Kane massaged her shoulders, C.B. had felt something like skin touching her in the vaginal area. C.B. also testified that when she had awoken, she had been perpendicular on her bed with her legs hanging off of her bed. C.B. testified that it was unusual for her to be in that position because it was not safe for her, given her medical condition.

{¶4}     C.B. stated that when she had asked Kane what he was doing, he had responded that he was giving her a massage and that he was changing her Attends diaper. According to C.B., Kane's claim that he had been changing her diaper was incredible as his hands were on her shoulders at the time   C.B. testified that Kane then used a wet wipe to wipe her vaginal area very roughly. She also testified that she saw him making a motion like he was pulling his pants up.

{¶5} After Kane finished his shift, C.B. told another nurse what had happened. The nurse, Sandra Yoder, looked in C.B.'s diaper and found pubic hair that she believed was not C.B.'s. Yoder took C.B. to Cincinnati Children's Hospital, where she was referred to the Mayerson Center.

{¶6} Cecilia Freihofer interviewed C.B. at the Mayerson Center. After hearing C.B.'s description of what had happened, Freihofer referred her for a medical exam. No physical evidence of sexual trauma was discovered. And the pubic hairs that were removed from C.B.'s diaper were tested and determined to be from C.B.

{¶7} At the conclusion of the trial, the jury found Kane not guilty of rape but guilty of the lesser-included offense of gross sexual imposition. The remaining counts were dismissed. The trial court sentenced Kane to 18 months' incarceration.

{¶8} In his first assignment of error, Kane asserts that the trial court erred when it refused to allow him to call a character witness and then refused to allow him to proffer the character witness's testimony.

{¶9} Kane called Blake Jones to testify on his behalf. Jones was the recruiter for Kane's employer. When defense counsel asked Jones about the criminal background check that was conducted prior to Kane's employment, the state objected. The trial court sustained the state's objection.

{¶10} Kane acknowledges that character evidence is generally not admissible "for the purpose of proving action in conformity therewith on a particular occasion." Evid.R. 404(A). But he contends that Jones's testimony was admissible under Evid.R. 404(A)(1), which provides that "[e]vidence of a pertinent trait of character offered by an accused * * * is admissible." We conclude that Kane's past work history and lack of criminal record were not relevant to whether he had had sexual contact with C.B. We also conclude that Kane was provided an adequate

opportunity to proffer the testimony of Jones, so that we were able to review the trial court's ruling. The first assignment of error is overruled.

{¶11} In his second assignment of error, Kane asserts that the trial court erred when it allowed the introduction of hearsay statements made by C.B. through other witnesses.

{¶12} Kane objected to Detective Joseph Middendorf's testimony. During direct examination, Middendorf testified that he had observed Freihofer's interview with C.B. Middendorf stated that he did not believe that what C.B. was telling Freihofer was the result of a hallucination or C.B.'s fevered imagination. During cross-examination, defense counsel suggested that Middendorf did not have a basis upon which to judge C.B.'s demeanor and questioned whether Middendorf knew that C.B. was a drama student. On redirect, the state asked Middendorf to read his report about what C.B. had said during the interview. The trial court overruled Kane's objection to Middendorf's testimony during redirect.

{¶13} The state argues that the testimony was admissible under Evid.R. 801(D)(1)(b), which provides that "[a] statement is not hearsay if * * * [t]he declarant testifies at trial * * * and is subject to cross-examination concerning the statement and the statement is * * * consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive[.]"

{¶14} "Ohio courts have interpreted this rule to apply only to those prior consistent statements that have preceded prior inconsistent statements or that have been made before any motive to falsify testimony has arisen." *State v. Strutz*, 1st Dist. Nos. C-100334 and C-100335, 2011-Ohio-3660, ¶ 12, citing *State v. Burrell*, 1st Dist. No. C-030802, 2005-Ohio-34, ¶ 17. Here, Kane did not suggest that C.B. had

recently fabricated her version of what had happened. Rather, he implied that C.B.'s recollection of what had happened was either the result of a dreamlike hallucination or a dramatic story made up by C.B. from the beginning. We conclude, therefore, that the trial court erred when it allowed Middendorf to testify about C.B.'s statements made during the Mayerson interview. But we further conclude that this error was harmless in light of the other testimony in the trial and because Kane did not dispute that C.B. had told the version of events reflected in Middendorf's report. Rather, his defense focused on her motivation for making the allegations.

{¶15} Kane also argues in this assignment that the trial court should not have allowed Freihofer to testify about C.B.'s statements made during the same interview. But we conclude that the testimony was admissible under Evid.R. 803(4), because C.B.'s statements made to Freihofer were made for medical diagnosis and treatment. *See State v. Daniels*, 1st Dist. No. C-090566, 2010-Ohio-5258, ¶ 14. We further conclude that the admission of the recording of the interview and Freihofer's written report, to which Kane did not object at trial, did not arise to plain error. Crim.R. 52(B). The second assignment of error is overruled.

{¶16} Kane's third assignment of error is that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. When an appellant challenges the sufficiency of the evidence, we must determine whether the state presented adequate evidence on each element of the offense. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence, we must determine whether the jury clearly lost its way and created a manifest miscarriage of justice. *Id.* at 387.

{¶17} Kane was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(5). The statute provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when [t]he ability of the other person to resist or consent * * * is substantially impaired because of a mental or physical condition." R.C. 2907.05(A)(5). We conclude that the state presented sufficient evidence of all the elements of the offense. Kane contends that C.B.'s testimony was not to be believed because she was under the influence of various medications and alcohol at the time. Kane also emphasizes that no physical evidence of sexual contact was found. We conclude that the jury was in the best position to determine the credibility of all the witnesses and to assess the impact of the lack of physical evidence. We are unable to conclude that the jury lost its way when it found Kane guilty. The third assignment of error is overruled.

{¶18} In his fourth assignment of error, Kane asserts that the trial court erred when it refused to order a presentence investigation. Crim.R. 32.2 provides that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." Here, the trial court imposed a prison term, so it was not required to order a presentence investigation prior to sentencing. *State v. Lattimore*, 1st Dist. No. C-100675, 2011-Ohio-2863, ¶ 11. Also, when the trial court indicated that it would not order a presentence investigation, Kane did not object, so any error is waived. *Id.* The fourth assignment of error is overruled.

{¶19} Kane's final assignment of error is that the trial court erred in sentencing him to 18 months' incarceration. Our review of the sentence has two parts. First, we must determine whether the sentence was contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. Then, if the

sentence was not contrary to law, we must review the sentence to determine whether the trial court abused its discretion. *Id.* at ¶ 17. Kane's sentence fell within the applicable ranges for the offense for which he was convicted. R.C. 2907.05(C)(1); R.C. 2929.14. We conclude that it was not contrary to law. And we are unable to conclude that the trial court abused its discretion in imposing the sentence. The fifth assignment of error is overruled.

{¶20} Therefore, we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.